UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BERNARD ROBINSON,

                Plaintiff,              Case No. 2:19-cv-12967
                                                Hon. Gershwin A. Drain

WASHTENAW COUNTY PROSECUTOR'S
OFFICE, ET AL,

                Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CIVIL RIGHTS CLAIMS UNDER THREE-STRIKES RULE, DISMISSING WITHOUT PREJUDICE PLAINTIFF'S HABEAS CLAIMS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Christopher Bernard Robinson ("Plaintiff") filed this hybrid civil rights complaint under 42 U.S.C. § 1983 and petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. This action stems from Washtenaw County Prosecutor's Office's ("Defendant") filing of criminal charges against Plaintiff on September 24, 2019 for his failure to comply with Michigan's sex offender registry law.

Plaintiff asserts that: (1) the charging documents failed to adequately notify him of the nature of the offense in violation of due process; (2) the criminal charges were filed in retaliation for Plaintiff filing previous civil rights actions against Defendants and other law enforcement agencies; (3) the Michigan Department of

Corrections ("MDOC") improperly calculated Plaintiff's prior criminal sentences; and (4) Defendants are unconstitutionally applying the sex offender registry law retroactively to Plaintiff.

Plaintiff seeks the following relief: (1) an order terminating the current criminal case; (2) a temporary restraining order and injunction removing Plaintiff from the sex offender registry; (3) an unconditional writ of habeas corpus vacating one of Plaintiff's prior convictions; (4) an award of $50,000 per year for each year Plaintiff was illegally incarcerated; (5) an award of $5,200,000 in punitive damages against MDOC; and (6) an award of $1,200,000 in damages against the individually named defendant in MDOC—L. Todd—who calculated Plaintiff's outdates.

The Court summarily dismisses the complaint. To the extent Plaintiff seeks to file a civil rights complaint, Plaintiff is barred from proceeding in forma pauperis because he already has more than three strikes. To the extent Plaintiff is seeking habeas corpus relief, the Court will abstain from interfering in an ongoing state criminal proceeding. Finally, Plaintiff has failed to exhaust his sentence calculation claim. The Court will also deny a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## I. BACKGROUND

Plaintiff was convicted in 1989 in the Washtenaw Circuit Court of first-degree criminal sexual conduct; he was sentenced to twelve to thirty years. On September

4, 1990, he pled guilty in the Ionia Circuit Court to assault on a prison employee; he was sentenced to a consecutive two to four-year prison term.

In 2004, the Michigan Parole Board released Plaintiff on parole, but Plaintiff returned to prison after violating the conditions of his parole when he failed to register as a sex offender. According to Plaintiff, his two state sentences were then improperly "stacked" by the MDOC.

In 2011, the Parole Board again released Plaintiff on parole. Approximately two years later, though, Plaintiff pled guilty to again violating the conditions of parole—this time for assaulting a police officer. Plaintiff was found guilty of the corresponding felony offense in a bench trial in Washtenaw Circuit Court. He was sentenced to another term of two to four years in prison.

The Michigan Court of Appeals reversed this conviction—ruling that Plaintiff did not voluntarily waive his right to counsel. On remand, the trial court conducted another bench trial and again found Plaintiff guilty of assaulting a police officer. He was given the same sentence.

Plaintiff does not claim to have appealed his reconviction in the state courts, nor does he claim to have appealed or challenged the calculation of his sentence by the MDOC in the state courts.

On May 8, 2018, Plaintiff was again released on parole.

On September 24, 2019, Plaintiff was charged in the Washtenaw Circuit Court with the felony offense of failure to register as a sex offender.

## II. DISCUSSION

### A. Permission to Proceed In Forma Pauperis on Civil Rights Claims

To the extent Plaintiff seeks to file a civil rights action seeking monetary and injunctive relief, he may not do so in forma pauperis.

Plaintiff has filed an application to proceed without prepayment of the filing fee. The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, though, a federal court may dismiss a case if on three or more previous occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous, malicious, or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *see also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). The PLRA's three strikes provision prohibits a prisoner who has had three prior suits dismissed for being frivolous from proceeding in forma

pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).

A search of federal court records indicates that Plaintiff has more than three civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or failing to state a claim upon which relief could be granted. *See Robinson v. Washtenaw County Prosecutor, et al.*, Case No. 2:18-cv-13290 (E.D. Mich. June 21, 2019); *Robinson v. Schuette, et al.*, Case No. 2:16-cv-13632 (E.D. Mich. Jan. 3, 2017); *Robinson v. Field, et al.*, Case No. 2:16-cv-10207 (E.D. Mich. March 25, 2016); *Robinson v. Gutengerg, et al.*, Case No. 2:15-cv-10481 (E.D. Mich. Feb. 17, 2015).

Plaintiff does not allege any facts here that would establish that he is in imminent or specific danger of future serious injury; thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his prior frivolity dismissals. Plaintiff's in forma pauperis status is therefore denied and his civil rights claims are dismissed pursuant to 28 U.S.C. § 1915(g).

**B. Abstention**

Plaintiff also seeks habeas corpus relief by challenging—on several grounds—the constitutionality of his pending sex offender registry charges. The

three-strikes rule does not apply to habeas claims. *See Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997). Nevertheless, the Court will abstain from considering these claims. Although federal courts generally "are obliged to decide cases within the scope of federal jurisdiction," when a suit jeopardizes "undue interference with state proceedings . . . the proper course is for the federal court to abstain from entertaining the action." *Aaron v. O'Conner*, 914 F.3d 1010, 1016 (6th Cir. 2019) (citing *Sprint Commc'ns v. Jacob*, 571 U.S. 69, 72 (2013)). In *Younger v. Harris*, the Supreme Court held that "absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. 37 (1971)).

This doctrine, known as *Younger* abstention, is grounded in the bedrock principle that our nation is comprised of many smaller sovereigns and guided by a proper respect for state functions. *Younger*, 401 U.S. at 44. As the Sixth Circuit has recognized, the exercise of *Younger* abstention is appropriate "when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Each of the three criteria is present here.

First, Plaintiff's criminal prosecution is currently pending in state court, satisfying the first criterion. *See Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962 (6th Cir. 1992) ("Under this rule, if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied.") A criminal prosecution such as the one pending against Plaintiff now is precisely the kind of state proceeding envisioned by *Younger*.

Second, a criminal prosecution unquestionably involves important state interests. "[S]tate criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x. 792, 794 (6th Cir. 2003). The second criterion is therefore also satisfied.

Finally, Plaintiff has not shown the lack of an adequate opportunity to bring his claims in state court. Plaintiff was charged in the Washtenaw Circuit Court only a few weeks ago, on September 24, 2019. Plaintiff has not indicated that he has either attempted to bring his challenges to the charges in the trial court or attempted an interlocutory appeal pursuant to the Michigan Court Rules. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *see also Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995)

7

(claimant must prove inadequacy of state court procedures to warrant federal court intervention).

Nor does Plaintiff face a risk of irreparable injury that would nonetheless justify federal court intervention. *See Fuller v. Jolly*, 41 F. App'x 821, 822 (6th Cir. 2002) (finding that *Younger* prevents federal interference absent "great, immediate and irreparable injury"). Plaintiff asserts he has lost job opportunities and was evicted from his residence. These are typical consequences faced by criminal defendants who are subjected to similar felony charges. This Court declines to exercise jurisdiction over Plaintiff's habeas claims since it would involve interfering in a pending criminal prosecution with important state interests and because Plaintiff has an adequate opportunity to raise his constitutional claims in state court.

**C. Sentence Computation Claim**

Lastly, Plaintiff claims that MDOC improperly combined his criminal sexual conduct sentence with his later sentences. Plaintiff does not assert that he raised his challenges to this computation in any state proceeding. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *see also Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Plaintiff has a remedy to pursue this claim in the state courts. Several Michigan cases have held that a writ of mandamus is an available remedy for a Michigan prisoner who challenges the computation of his sentence or claims that his sentence has expired due to the miscalculation of sentencing or good-time credits. *See In re Carey*, 372 Mich. 378, 381–82 (1964); *Lickfeldt v. Dep't of Corr.*, 247 Mich. App. 299 (2001) (affirming issuance of writ of mandamus by circuit court ordering the MDOC to immediately terminate prison sentence that inmate had completed); *see also Ruiz v. McKee*, No. 08-cv-1219, 2010 WL 103682, at *1–3 (W.D. Mich. Jan. 7, 2010) (dismissing without prejudice on exhaustion grounds habeas petitioner's challenge to the computation of his sentence—specifically his maximum discharge date, when petitioner could challenge the computation of his sentence by means of mandamus). Plaintiff's time computation in the instant matter is dismissed because he has not exhausted his state court remedies.

Even if he did raise a challenge to the computation of his sentence, this Court could not reverse the determination by the state court that Plaintiff's sentences were correctly computed. The computation of Plaintiff's "prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x. 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

Finally, with respect to any prospective appeal of the dismissal of Plaintiff's habeas claims, a certificate of appealability is denied because jurists of reason would

not debate the resolution of those claims. *See* 28 U.S.C. § 2253(c)(1)(a); Fᴇᴅ. R. Aᴘᴘ. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Reasonable jurists would not find the dismissal of this habeas action debatable.

## IV. Cᴏɴᴄʟᴜsɪᴏɴ

For the foregoing reasons, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that permission for leave to appeal in forma pauperis is **DENIED.**

SO ORDERED.

Dated: October 30, 2019

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 30, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk